(Court of Criminal Appeals of Texas. March 29, 1916.)

RAPE ⬤➝59(1)—INSTRUCTIONS — REASONABLE DOUBT.

On a charge of rape upon a girl under 15 years of age, where there was testimony that she was more than 15 years of age, though the court required the jury to believe beyond a reasonable doubt the necessary facts to find defendant guilty, and that the girl was under 15 years of age, the failure to charge conversely that, if the jury believed she was more than 15 years of age, or had a reasonable doubt of it, they should acquit was reversible error.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 88; Dec. Dig. ⬤➝59(1).]

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Jake Mills was convicted of rape, and appeals. Reversed and remanded.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of rape. The indictment was in two counts—one that the act was committed by force, etc.; the other that the girl was under 15 years of age. The court submitted both counts for a finding. The jury convicted him under the count charging that the girl was under 15 years of age.

We will not discuss the testimony, except to say that it was in direct conflict, the girl testifying to the act, and the appellant as positively denying it. In addition, the appellant introduced much testimony in direct contradiction of the girl as to her testimony in other respects. Several questions are raised, but we deem it unnecessary to pass upon but one. Some or all of the others, doubtless, will not arise on another trial.

The court, in submitting the case to the jury for a finding on the count on which appellant was convicted, affirmatively required the jury to believe beyond a reasonable doubt the necessary facts from the evidence in order to find him guilty, and that the girl was under 15 years of age at the time. The appellant contested the age of the girl, and there was testimony tending to show that she was more than 15 years of age at the time of the act, if there was an act, of sexual intercourse. The appellant objected to this part of the court's charge, in effect, among other things, because it did not affirmatively submit in his behalf the converse of the court's charge; that is, it did not tell the jury that if they believed she was more than 15 years of age at the time, or if they had a reasonable doubt of it, to acquit him.

Under the circumstances of this case we believe that the court should have so charged in appellant's favor, and that his failure to do so presents reversible error, and for this error the judgment is reversed, and the cause remanded.

---

WELLS v. STATE. (No. 4008.)

(Court of Criminal Appeals of Texas. March 29, 1916.)

CRIMINAL LAW ⬤➝1090(1) — STATEMENT OF FACTS AND BILL OF EXCEPTIONS—NECESSITY.

In the absence of statement of facts or bill of exceptions, no question is raised for review on appeal in a criminal case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2805–2807, 2825–2827, 3204; Dec. Dig. ⬤➝1090(1).]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Robert Wells was convicted of robbery, and he appeals. Judgment affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a conviction of robbery, without a state-

ment of facts or a bill of exceptions. In the absence of these, no question is raised which can be reviewed.

The judgment is affirmed.